This was an action on the case for a malicious prosecution in causing the plaintiff to be indicted for a felony. Pleas, not guilty and the act of limitation.
The plaintiff was indicted in the Court of General Sessions, together with one Isaac W. Truitt, for the robbery of defendant's house, and was acquitted of the charge. The defendant was a witness before the grand jury on the finding the bill of indictment, and also before the traverse jury; made the complaint to the committing magistrate, and furnished names of witnesses to the Attorney-general.
The proof connected the plaintiff with Truitt during the night of the robbery, and presented circumstances of strong suspicion against Truitt; amongst others, of the result of a search of his person when he was arrested. This was offered in evidence, and admitted by the court; as tending to show probable cause for the accusation.
Mr. Houston, for the defendant, moved a nonsuit on the facts.
Houston. — The existence of probable or reasonable ground for the prosecution is a matter for the consideration and decision of the court; though the facts which constitute this reasonable cause, if controverted by contradictory evidence, must be found by a jury. But where a fact which shows probable cause is proved by an unimpeached and uncontradicted witness, the court will not leave it to the jury, but will consider the fact proved and nonsuit the plaintiff. (2 Leigh's N. P. 1292-3; 6Barn Cress 225; 13 Eng. C. L. Rep. 152,Davis vs. Hardy.) In this case it is proved that a large sum of money was found on Truitt, some of which was identified
by Parsons as the money of which he was robbed. The witness who proves this is unimpeached and uncontradicted. It is also proved without controversy, that Wells was with Truitt on the road all the night of the robbery; near the scene of the robbery; on horseback; and that two horses were tied in the swamp near where the chest from which the money was taken, was found. This is abundant evidence not only of probable cause but of violent suspicion, that Wells was concerned *Page 506 
with Truitt in the robbery. The proof is enough to convict Truitt; and it is not disputed that Truitt and Wells were together all
that night.
The court are divided in opinion. A majority of us are for refusing the nonsuit, considering the evidence as in some respect conflicting and proper to be submitted to the consideration of the jury. The matter of probable cause for the prosecution is a mixed question of law and fact; the facts to be found by the jury, and the court to decide whether they amount to probable cause. The case cited from 13Com. Law Rep. seems to have involved but a single fact which was uneontroverted, but the evidence in this case has taken a wider range, and involves many facts. We think it better to let the case take the usual course before the jury, whom we shall instruct as to the existence of probable cause for the prosecution.
The case went to the jury, and chief justice Booth charged as follows: —
BOOTH, Chief Justice. — The plaintiff is bound to prove — 1st. That there was a prosecution. 2d. That it terminated in favor of the plaintiff. 3d. That the defendant was the prosecutor. 4th. That he was actuated by malice. 5th. That there was a want of probable cause. 6th. The damages that plaintiff has sustained. *Page 507 
1st and 2d. It is admitted that a prosecution by indictment was instituted; and that it terminated in the acquittal of the defendant. It remains then to inquire whether the defendant was the prosecutor.
2d. The indorsement of the defendant's name on the bill of indictment, as a witness, is no evidence that he was the prosecutor. If the defendant employed an attorney or counsel to conduct the prosecution, or was active in forwarding or carrying on the prosecution; such as giving instructions concerning it, paying expenses, or procuring the attendance of witnesses, it is sufficient proof of the defendant's being the prosecutor.
4th. There are two descriptions of malice. Malice in fact; or in other words, express malice; and malice implied by law. Express malice means ill will against a person, and is indicated by the disposition or temper of mind with which the party did a particular act; as where he did it with the view to injure a particular individual generally, or in some specific manner, or that he acted from personal animosity, or an old grudge. It may be established by a fair inference from the facts and circumstances proved in the particular case.
5th. But however malicious may have been the motives of the defendant towards the plaintiff, he is protected by the law in having prosecuted the plaintiff, if he had probable cause for so doing. This rule of law which protects a party for instituting or conducting a criminal charge, where there is probable cause for it, proceeds upon principles of policy, convenience and justice. And hence it is, that in an action for a malicious prosecution, the plaintiff is bound to give evidence of a negative; that is, he must give some evidence showing a want of probable cause. If it be shown that there was a want of any probable cause, the law implies malice from that circumstance.
The whole case rests then, upon the single question, whether the defendant had probable cause for the prosecution against the plaintiff? Whether from all the circumstances of the case, the present defendant had a reasonable ground of suspicion against the plaintiff? Proof of express malice is not sufficient evidence of want of probable cause; nor is the acquittal of the defendant upon the trial of the indictment.
Had the defendant a reasonable ground to suspect the plaintiff? The jury are to ascertain and decide the facts in this case. It is for the court to decide whether those facts amount to probable cause; whether they afford a reasonable ground of suspicion. Testimony has been offered to prove that William B. Parsons, on Saturday evening, *Page 508 
March 13, 1811, was at Laurel, attending a quarterly meeting. That Wells and Truitt were also at Laurel, the afternoon or evening of that day. That on such occasions of religious worship, Parsous always remained during the whole night away from his own house. During the whole of that night Wells and Truitt were together; they were traced from Laurel to Creighton Wingate's house. They left Wingate's, each on horseback, at half past two o'clock, A. M., and arrived at Well's house about day break on Sunday morning. Some time on Saturday night, the house of Parsons was broken open, and a robbery committed. The tracks of two horses were found near the house; tracks of a man's footsteps, said by some witnesses to resemble Truitt's, were found leading from the house, and a chest at some distance from the house was found broken open, and the contents taken out. This chest contained money belonging to Parsons, among which was a peculiar piece of coin not common in our currency, which was found in Truitt's possession, and identified by Parsons as his money, and which he described, according to Kinney's testimony, before he saw it. Truitt offered to tell J. F. Kinney, the officer who arrested him, to use Kinney's language, "all about it;" and Kinney advised him not to tell. If these facts were proved to the satisfaction of the jury, the court were of opinion that they amounted to probable cause for the prosecution
 Verdict for defendant.